IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

**FILED**

DEC 2 3 2013

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

| | | |
|---|---|---|
| **CATHERINE LANCASTER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | Case No. |
| | ) | **CIV 13-1348 R** |
| **SPRINT NEXTEL CORPORATION,** | ) | Jury Trial Demanded |
| **S, SPRINT CORPORATION,** | ) | |
| **SPRINT/UNITED MANAGEMENT CO.** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Catherine Lancaster, and for her causes of Action alleges and states as follows as set forth herein:

### PARTIES

1. Plaintiff is at all times herein a citizen of the United States and Resident of Oklahoma City, Oklahoma. Plaintiff is an African American Female citizen.

2. Defendant is an employer within the purview of 42 USC, 2000 e(b) and is involved in an industry effecting commerce and employs more than 500 persons.

## PARTIES

3. All acts and omissions alleged herein occurred in the geographical area of the United States District Court for the Western District of Oklahoma. (28 USC, 1391 and USC 1367) (?).

## JURISDICTION

4. This action is brought pursuant to the legal authority of 42 USC, 1983 and 1988 (?) and the 14th Amendment to the United States Constitution. This honorable Court has jurisdiction of this action pursuant to legal authority of 42 USC, 1983 (?).

5. This action is also brought under legal authority of 42 USC, 1981 (?), 42 USC, 2000 e-5 (?), 28 USC, 1343 (a) (4) (?).

6. This action is also brought pursuant to legal authority of the Americans With Disabilities Act, 5 USC, 2302 et seq. (?).

7. This action is also brought pursuant to legal authority of the Rehabilitation Act, 501 and 505 (2).

## PRIOR PROCEDURE

8. Plaintiff previously filed a Complaint with the Equal Employment Opportunity Commission alleging discrimination based on race and on physical disability and unlawful retaliation. On September 26, 2013 the EEOC issued Plaintiff a right to sue letter.

## BACKGROUND FACTS

9.     Plaintiff was first employed by Defendant around April, 7 2003 in the position of Customer Service Representative Specialist.

10.    For nearly 10 years the Plaintiff worked successfully at Sprint PCS. The Plaintiff earned a series of numerous cash awards, perfect attendance awards, time off awards and other work performances awards and citations.

11.    For nearly 10 years Plaintiff earned high evaluations on her work performance at formal, periodic employee performances reviews.

12.    Over the years the Plaintiff received several departmental promotions.

13.    On June 21, 2012, Plaintiff was sent to the emergency room from Sprint in Oklahoma City as Plaintiff seemed to be in distress.

14.    On June 22, 2012 the Plaintiff Dr. requested a STD which was denied on July 16, 2012.   An appeal was also denied on August 30, 2012.

15.    Plaintiff filed Workman's Comp on September 6, 2012. Plaintiff received eight (8) weeks of disability since the date of escalation of injuries of June 21, 2012.

16.    Plaintiff received letter on November 8, 2012 and was put on Leave of Absence and cancellation of all benefits and backed to Sept 14, 2012.

17.    Plaintiff received letter from Sprint September 14, 2012 stating would qualify for combination of STD/FMLA benefits.   Date of loss still

the same of June 21, 2012 and when asking for the benefits was denied.

18. Plaintiff was sent back to work from the Workman's Compensation Dr. and was told by several people that they had on the job injuries and was fixed. Both parties are white.

19. Plaintiff asked for Leave of Absence on or about April, 2013 and was told to have Dr. fill out ADA paperwork which was faxed to Sprint on April 25, 2013.

20. Received call from Jim Cunningham, Oklahoma City Sprint Call Center and Plaintiff was told the ADA paperwork was not completed and to turn in another form. Dr. turned in another ADA form and faxed on May 6, 2013. Defendant did not accept Dr.'s diagnosis and recommendations 2 times.

21. Plaintiff received several return to work or resign, the last letter was May 1, 2013. Plaintiff sent certified return letter on May 8, 2013 that plaintiff will not resign as needed Leave of Absence request approved.

22. Plaintiff was waiting for approval letter and called Sprint on May 16, 2013 when was told by representative that I had been terminated on May 13, 2013.

23. Workers Compensation is still in process and Plaintiff filled for Unemployment. After Sprint requested an appeal as Oklahoma

Employment Security Commission as was approved, Sprint lost appeal. OESC stated under the Plaintiff's long term and permanent condition the unemployment would have to be paid under the Workman's Compensation.

## FIRST CAUSE OF ACTION

## DISCRIMINATION BASED ON RACE AND PHYSICAL DISABILITY

24. All facts heretofore pled in Paragraph Nos. 1 thru 23 are incorporated herein by reference as if fully set out herein.

25. The acts and omissions set forth above constitute unlawful discrimination by the Defendant against the Plaintiff based on the Plaintiff's African American race and the Plaintiff's physical disability arising from her job at Sprint PCS in Oklahoma City.

## SECOND CAUSE OF ACTION

## WRONGFUL DENIAL OF REASONABLE WORKPLACE ACCOMMODATIONS

26. All facts heretofore pled Paragraph Nos. 1 through 25 are incorporated herein by reference as if fully set out herein.

27. The Defendant's failure to provide reasonable workplace accommodations to the Plaintiff is a violation of well settled federal law in the American's With Disabilities Act.

## THIRD CAUSE OF ACTION

## UNLAWFUL RETALIATION AND REPRISAL

28. All facts heretofore pled in Paragraph Nos. 1 through 27 are incorporated herein b y reference as if fully set out herein.

29. The aforesaid acts by the Defendant constitute unlawful retaliation and reprisal against the Plaintiff based on protected action that the Plaintiff undertook and constitute unlawful actions in violation of the Plaintiff's rights.

## ALLEGATION OF DAMAGES

30. All facts heretofore pled in Paragraph Nos. 1 through 29 are incorporated herein by reference as if fully set out herein.

31. That the acts and omissions of the Defendant as set forth above directly incurred damages to the Plaintiff to include but not be limited to the following,

a) Lost wages and benefits in the amount of   32,000.00 x 3 yrs.

b) Lost annual leave and sick leave that would have been earned by the Plaintiff and would incur in her benefit in the amount of   5,000.00

c) Medical costs incurred and will be occurred by the Plaintiff in the amount of   450,000.00.

d) Mental and Physical harm, emotional damage, excessive stress and anxiety, depression in the amount of   300,000.00 x 5 years

e) Punitive damages in the amount of   250,000.00

f)   Attorney fees and litigation costs as incurred herein.

g)   Such other and further relief as the Court may grant.

WHEREFORE, premises considered, Plaintiff Catherine Lancaster prays for 2,301,000.00. Judgment against the Defendant in the aggregate amount of and for such and further relief as the Court may grant.

Respectfully submitted,

*[signature: Catherine Lancaster]*

Catherine Lancaster
701 Skylark Drive
Oklahoma City, Oklahoma 73127
405-491-1086
Yfin701@gmail.com